## EL DORADO COUNTY *v.* THOMAS DAVISON.

LEASE OF PUBLIC ROAD.—A Board of Supervisors of a county have no authority to convert a public highway into a toll road, and to grant to an individual the right to collect tolls of persons travelling on the same.

ILLEGAL TO COLLECT TOLLS ON PUBLIC ROAD. — The grant by a Board of Supervisors to an individual of a right to collect tolls on a public road, is a grant to do an illegal act.

A TOLL GATE ON A PUBLIC HIGHWAY A NUISANCE.—A toll gate erected on a public highway which belongs to the State or people, is a nuisance, and may be abated as such.

AN UNLAWFUL CONSIDERATION VOID. — The grant by the Board of Supervisors to

an individual of a franchise to collect tolls on a public road as a consideration for his promise to pay rent therefor, is an unlawful consideration, and therefore void. Action on Lease of Public Highway.—An action cannot be maintained on a lease to collect the rent which an individual promises to pay in consideration of a grant to him by the Board of Supervisors of a franchise to collect tolls on a public highway.

Appeal from the District Court, Eleventh Judicial District, El Dorado County.

The facts are stated in the opinion of the Court.

*George G. Blanchard,* for Appellant, argued that the lease granted to the defendant a franchise, to wit : the right to collect tolls, and that the right to grant a franchise was vested alone in the Legislature, or some branch of the government vested by the Legislature with power to grant the franchise ; and cited *Bank of Augusta* v. *Earl,* 13 Peters, 595 ; Angel & Ames on Cor., Sec. 4 ; 2 Washburn on Real Prop., p. 19, Sec. 2. He also argued that the Board of Supervisors could not perform any act not clearly within the scope of its delegated authority, and that the power to grant the franchise to collect tolls had never been delegated to it ; and cited *Bartram* v. *Central Turnpike Co.,* 25 Cal. 290. He also argued that the contract, being unlawful, was not binding on the defendant ; and cited *Jackson* v. *Hartwell,* 8 John. 425 ; *Belding* v. *Pitkin,* 2 Caines, 149 ; *State of New York* v. *Mayor and Aldermen, etc.,* 3 Duer, 144 ; *Boone* v. *City of Utica,* 2 Barb. S. C. 107 ; 1 Espinasse, 12 ; 4 E. D. Smith, 570 ; 5 Hill, 27 ; 7 Hill, 387 ; 2 Peters, 527 ; *De Groot* v. *Van Duzer,* 20 Wend. 393.

*J. G. McCullough,* for Respondent, argued that the appellant was estopped from denying the title of the lessor, and could not defeat the lessor of his remedy for rent. He argued that this was so, even though the lessor had no title, or whatever title he had was acquired by wrong ; and cited 1 Platt on Leases, 59 ; *Dezell* v. *Odell,* 3 Hill, 219 ; *King* v. *Stacey,* 1 Term R. 4 ; *Carpenter* v. *Thompson,* 3 N. H. 209 ; *Ingraham* v. *Baldwin,* 9 N. Y. 45 ; *Binney* v. *Chapman,* 5 Pick. 127.

66

He also argued that the contract was not *malum in se,* and that the lessee could not set up its illegality as a defense; and cited *Northampton County's Appeal,* 30 Penn. 305; *Inhabitants of Watertown* v. *White,* 13 Mass. 481.

By the Court, Currey, C. J.:

On the 3d of May, 1864, the members of the Board of Supervisors of El Dorado County executed under their hands and seals a lease granting to the ·defendant a portion of the public highway known as and called the Placerville and Sacramento Road, situated within the limits of El Dorado County, "together with, all and singular, the tenements, hereditaments, lands, rights, appurtenances, franchises, immunities and privileges thereunto in any wise belonging, to have and to hold the same unto himself, his heirs and assigns" for the term of three years from and after the 1st day of June then next, and further granting to the defendant the right to erect upon the line of the road described toll gates and to collect tolls from persons using the road at certain specified rates. In consideration whereof the defendant, in the same instrument, covenanted and agreed to keep the road in repair and proper condition for the public travel, and to pay to the County Treasurer of said county as rent one hundred dollars in United States gold coin per month during said term for the use and benefit of said county.

The plaintiff, by complaint, averred that the defendant entered into and took possession of the portion of the highway leased to him, under and in pursuance of the instrument executed, but that he had made default in the payment of the rent reserved according to his covenant and agreement, and that by reason of the premises he was indebted to the plaintiff in the sum of six hundred dollars in gold coin, for which judgment was demanded against him, with the costs of the action.

The defendant demurred to the complaint on the following grounds:

First—That the complaint does not state facts sufficient to constitute a cause of action.

Second—That the plaintiff has not legal capacity to sue.

Third—That the complaint is ambiguous, unintelligible and uncertain.

The demurrer was overruled and leave granted to answer. The defendant answered, and, besides controverting the allegations of the complaint, he averred that the road was a public highway, and so had been for more than ten years—and during that time it had been used and enjoyed by the public as such; and that the plaintiff never had any authority or control over the same to lease it or grant any franchise for the same; and also that the contract entered into was without any consideration to support it, and was unauthorized and void.

The cause was tried before the Court without a jury, and a judgment rendered in favor of the plaintiff for the sum of six hundred dollars, besides costs.

The appeal in the case is from the judgment, and also from the order made overruling the defendant's motion for a new trial.

### Leasing of highway by Board of Supervisors.

From the record it appears that the portion of the road described and leased to the defendant was a public highway, and the only question which is necessary to be decided is in relation to whether the contract entered into by the Supervisors on the one part and the defendant on the other is legal and binding or null and void because of the total want of authority on the part of the Board of Supervisors to make the grant expressed in the deed, and because the subject matter of it was illegal.

The Board of Supervisors are a municipal body, having no powers except those expressly granted by the sovereign authority, or which are necessary to the exercise of the powers granted in terms. There is no Act of the Legislature of this State which invests the Board of Supervisors with authority

to convert a public highway into a toll road, and to grant to an individual the right to collect tolls of persons travelling the highway. A toll gate erected upon a highway which belongs to the State or the people thereof is a nuisance, and might be abated as such. The grant to the defendant was to do an illegal act. The consideration which was the ground of the defendant's promise to pay one hundred dollars a month for the franchise attempted to be granted was unlawful, and was therefore void. (*U. S. Bank* v. *Owens,* 2 Peters, 538.) As between the parties the defense interposed by the defendant may reflect no credit upon him, because he, as well as the Supervisors, was a party to a contract having for its object to exact from the travelling public a compensation which could not be lawfully demanded. The question is not whether the defense is conscientious and justifiable as between the parties. It is not for the sake of the defendant that the defense is allowed to prevail, but it is upon the general principle that a contract which is void on the ground that it is illegal cannot be made the basis of a recovery in a Court of justice. In such cases the rule is, *in pari delicto potior est conditio defendentis.* (*De Groot* v. *Van Duzer,* 20 Wend. 393.)

We are of the opinion the judgment should be reversed and the action dismissed, and it is so ordered and adjudged.